IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



WILLIAM PAUL BURCH,           §
                              §
        Plaintiff,            §
                              §
VS.                           §  NO. 4:18-CV-939-A
                              §
FORD MOTOR CREDIT COMPANY, LLC, §
                              §
        Defendant.            §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Ford Motor Credit Company, LLC, to dismiss. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On October 30, 2018, plaintiff filed his original petition in the County Court at Law No. 1 of Tarrant County, Texas. Doc.[1] 1, Ex. 3-2. On November 21, 2018, defendant filed its notice of removal, bringing the action before this court. Doc. 1.

On November 27, 2018, defendant filed its motion to dismiss, brief, and appendix in support. Docs. 6-8. On December 3, 2018, plaintiff filed a motion to amend, doc. 10, and a motion to remand, Doc. 9. By order signed December 13, 2018, the court granted the motion to amend, directed the clerk to file the

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

amended complaint that had been lodged with the court, and denied the motion to remand. Doc. 12. The order noted that the motion to dismiss did not become moot by the filing of the amended complaint and directed that the motion to dismiss be construed as being directed to the amended complaint. Id. The order further directed that the motion would be considered when it became ripe. Id. Rather than respond to the motion to dismiss, on December 18, 2018, plaintiff filed a second motion to remand. Doc. 14. And, on December 21, 2018, plaintiff filed a second motion to amend his complaint.[2] Doc. 16.

In his amended complaint filed December 13, 2018,[3] plaintiff makes a number of disjointed allegations regarding a 2017 F150 XLT Ford truck (the "truck") that he purchased. Doc. 13, ¶ 3. He alleges: His bankruptcy case was converted from a Chapter 11 to a Chapter 7 proceeding in January 2018. Id. ¶ 8. On May 25, 2018, defendant filed a motion for relief from stay in plaintiff's bankruptcy proceeding. Id. ¶ 12. At a hearing on the motion on June 14, 2018, the bankruptcy judge pointed out that the bankruptcy had been discharged the previous day and that there

---

[2]As best the court can tell, the purpose of the motion was to correct the caption used by plaintiff. No purpose would be served by allowing the second amended complaint to be filed. Accordingly, the court is denying the motion.

[3]The amended complaint is titled "Plaintiff's Amended Petition and Request for Jury Trial." Doc. 13. The document refers to exhibits, none of which are attached.

was no need for the motion. Id. ¶ 13. Plaintiff had been told by defendant that they, apparently plaintiff and defendant, could move forward with a new contract the following Monday. Id. ¶ 14. On the Sunday night before the Monday, defendant repossessed the truck. Id. ¶ 15. Plaintiff was told that nothing more could be done. Id. ¶ 16.

Plaintiff sues for breach of contract. Doc. 13, ¶¶ 17-20. He seeks to recover "cost of court beginning December 2008 through to date as related to [the truck]"; attorney's fees; "past and future physical pain and mental anguish, past and future severe psychological pain and suffering, past and future emotional distress, and past and future medical expenses"; compensation for "loss of self-esteem, loss of trust, depression, in all reasonable probability, his social and professional adjustment in the past has been affected and, probably, his future social professional life will be adversely impacted as well"; lost income in the past and diminished wage-earning capacity in the future; and other relief at law and in equity. Id. ¶ 22. He also refers to "gross negligence punitive damages" and compensatory damages. Id. ¶¶ 23, 24.

II.

Grounds of the Motion

Defendant urges that plaintiff's amended complaint should be dismissed for three independent reasons. First, plaintiff has pleaded that he did not perform his obligations under the contract with defendant. Second, plaintiff did not plead any facts to show a breach by defendant. And, third, plaintiff's damages are speculative and inapplicable in a breach of contract action. Doc. 7 at 1. In addition, defendant points out that, to the extent plaintiff might be seeking to attack a bankruptcy court order, such an attack would be barred by res judicata.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d

5

533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. Dean v. Mississippi Bd. of Bar Admissions, 394 F. App'x 172, 175 (5th Cir. 2010).

IV.

Analysis

The court takes judicial notice of the proceedings in Case No. 12-46959[4] in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "bankruptcy case"). The bankruptcy case record reflects that on December 28, 2012, plaintiff filed his Chapter 13 voluntary petition. Bankr. Doc.[5] 1. By order signed December 23, 2013, the bankruptcy case

---

[4]The bankruptcy case has had different suffixes depending upon the nature of the proceeding and the judge to whom it was assigned.

[5]The "Bankr. Doc. __" reference is to the number of the item on the docket in the bankruptcy
(continued...)

was converted to a Chapter 11 proceeding. Bankr. Doc. 100. By order signed January 29, 2018, the case was converted to a Chapter 7 proceeding. Bankr. Doc. 354. On May 22, 2018, defendant filed in the bankruptcy case a motion for relief from the automatic stay or, in the alternative, request for adequate protection. Bankr. Doc. 462. On June 14, 2018, the bankruptcy court heard the motion and ruled that the automatic stay had terminated by operation of law as to the truck and that defendant could repossess and sell the truck without further order. Bankr. Doc. 478.

As a matter of law, based on the proceedings in the bankruptcy court, defendant had the right to repossess the truck. Any attack on the bankruptcy court's order should have been made in the bankruptcy case. The doctrine of <u>res judicata</u> prevents plaintiff from raising any claim or defense that was or could have been raised in the bankruptcy case. <u>United States v. Shanbaum</u>, 10 F.3d 305, 310 (5th Cir. 1994). Accordingly, his claims arising out of the repossession of the truck are barred.

Even if <u>res judicata</u> did not apply, plaintiff has admitted in his amended complaint that he did not make payments as required under the contract with defendant. Doc. 13, ¶¶ 9, 12.

---

[5](...continued)
case.

Accordingly, he could not pursue a breach of contract claim. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009); Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). The court additionally notes that plaintiff has not pleaded any facts to show a breach by defendant.

Plaintiff's second motion for remand is wholly frivolous. As best the court can tell, he is urging that complete diversity does not exist because a corporation, like defendant, is not a citizen. The arguments with regard to amount in controversy and venue do not make any sense. The court has jurisdiction of this action.

V.

Order

The court ORDERS that plaintiff's second motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's second motion to amend be, and is hereby, denied.

The court further ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed as barred by res judicata.

SIGNED December 26, 2018.

_____
JOHN McBRYDE
United States District Judge